UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


MICHAEL FORREST CALHOUN,                                         Civil No.  07-1420-ST

               Petitioner,

                                               OPINION AND ORDER

      v.


BRIAN BELLEQUE,

               Respondent.
_____

HAGGERTY, District Judge:

      On December 22, 2009, Magistrate Judge Stewart issued a Findings and

Recommendation [46] recommending that this court deny Petitioner Michael Forrest Calhoun's

Petition [2] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Magistrate Judge Stewart

also recommended that the court deny Petitioner's requests to expand the record and for an

PAGE 1 - OPINION AND ORDER

evidentiary hearing.  Finally, Magistrate Judge Stewart recommended that the court decline to

issue a Certificate of Appealability under 28 U.S.C. § 2253(c)(2), because Petitioner failed to

make a substantial showing of a denial of a constitutional right.

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal

Rule of Civil Procedure 72(b).  The district court may accept, reject, or modify the recommended

decision, receive further evidence, or recommit the matter to the Magistrate Judge with

instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  When a party timely objects to any

portion of the Magistrate Judge's Findings and Recommendation, the district court must conduct

a *de novo* review of the portions of the Findings and Recommendation to which objections are

made.  28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*,

656 F.2d 1309, 1313 (9th Cir. 1981).  The district court need not review the Magistrate Judge's

factual and legal conclusions to which there are no objections.  *Thomas v. Arn*, 474 U.S. 140,

149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner timely filed objections to the Findings and Recommendation.  After careful

review of the record and of the Findings and Recommendation and objections, the Findings and

Recommendation is adopted.

Petitioner first objects to the finding that he is not entitled to expand the record to include

Exhibits 2 through 14.  Findings and Recommendation at 5.  Under 28 U.S.C. § 2254(e)(2), a

petitioner may expand the record only if the petitioner was not at fault in failing to develop the

evidence in state court, or if at fault, if the conditions prescribed by § 2254(e)(2) were met.

*Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (citing *Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)).[1]

Magistrate Judge Stewart's conclusion that Petitioner's proposed exhibits are inadmissible under 28 U.S.C. § 2254(e)(2) because he failed to diligently develop and present those specific documents during the course of his state post-conviction relief (PCR) proceedings is sound. With the exception of Exhibit 2, the proposed exhibits existed at the time of his state court collateral proceedings.[2]  Exhibits 4 through 8 are letters that Petitioner wrote to Deputy District Attorney (DDA) Callahan offering to provide information about several fellow inmates in exchange for a favorable plea deal.  Exhibits 11 through 14 are correspondence between Petitioner and the Oregon Department of Corrections regarding the length of his incarceration. Exhibit 10 is the case register from one of the cases in which Petitioner offered to testify in exchange for a reduced sentence.  Exhibits 3 and 9 are the prosecutors' log notes from various hearings during Petitioner's criminal trial.  Petitioner knew of these materials at the at the time of his state court proceedings, and made no attempt to introduce them in state court proceedings.

The purpose of the fault component of Section 2254(e) is to ensure that the prisoner made "a reasonable attempt, in light of the information available at the time, to investigate and pursue

---

[1]Petitioner's claim does not rely on (1) a new and previously unavailable rule of constitutional law, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence.  28 U.S.C. § 2254(e)(2)(A)(i & (ii); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005).  Moreover, Petitioner cannot prove that this new evidence is sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense.  *Id*. § 2254(e)(2)(B).

[2]Petitioner's proposed Exhibit 2 is a brief response from the District Attorney's Office regarding Petitioner's October 16, 2008 Public Records Request.  Petitioner does not explain how this document is relevant regarding whether his trial counsel provided constitutionally ineffective assistance in his 1995 criminal case.

claims in state court." *Williams*, 529 U.S. at 432. The failure to develop evidence to support a

claim despite possessing knowledge of that evidence falls short of exercising diligence.

Consequently, Section 2254(e)(2) prohibits Petitioner from first introducing those additional

exhibits during federal habeas proceedings.

Petitioner's speculative suggestion that the District Attorney's Office may have withheld

Petitioner's letters and/or log notes is unpersuasive. Petitioner acknowledges that the District

Attorney's Office provided Petitioner's letters to the PCR court, and DDA Colby stated in his

affidavit that he read the log notes into the trial record. Pet. Objections at 8; Resp't Ex. 126, at ¶

18. Moreover, the letters and log notes were discussed at length during the course of Petitioner's

motion to dismiss for prosecutorial misconduct. Petitioner's suggestion that the District

Attorney's Office withheld or concealed these materials is not supported by the record.

Even if Petitioner's proposed Exhibits 2 through 14 were included in the record, the

exhibits do not render the PCR court's decision objectively unreasonable. *See Lockyer v.

Andrade*, 538 U.S. 63, 75 (2003) (the "unreasonable application" clause of 28 U.S.C. 2254(d)(1)

"requires the state court decision to be more than incorrect or erroneous" and the state court's

"application of clearly established law must be objectively unreasonable"); *Taylor v. Maddox*,

366 F.3d 992, 999-1000 (9th Cir. 2004) (same standard of unreasonableness applies to both

28 U.S.C. §§ 2254(d)(1) & (2)). Under 28 U.S.C. § 2254(d)(2), the court may not "second-guess

a state court's fact-finding process unless, after review of the state court record, it determines that

the state court was not merely wrong, but actually unreasonable." *Taylor*, 366 F.3d at 999. The

court must be convinced that "an appellate panel, applying the normal standards of appellate

review, could not reasonably determine that the finding is supported by the record." *Id.* at 1000.

PAGE 4 - OPINION AND ORDER

The reasonableness of a state court's factual finding is evaluated in "light of the evidence

presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); *Miller-El v. Cockrell*, 537 U.S.

322, 348 (2003).  If the state court's fact-finding process survives this "intrinsic review," the state

court's factual findings are presumed correct.  *Taylor*, 366 F.3d at 1000.

Petitioner has not demonstrated that the state court's factual findings were actually

unreasonable in light of the evidence presented.  28 U.S.C. § 2254(e)(1); *Taylor*, 366 F.3d at

1000.  As both the PCR court and Magistrate Judge Stewart noted, clearly "Petitioner wanted to

assist the State in return for a more favorable plea offer."  Findings and Recommendation at 10;

*see also* Resp't Ex. 143 at 14 (PCR court finding petitioner contacted various deputy district

attorneys in an attempt to provide evidence concerning three defendants who were in jail and

"offered to testify against each of these defendants in return for a deal").  Although the District

Attorney's Office was initially willing to hear what Petitioner had to say, the prosecutor needed

to evaluate whether Petitioner had any valuable information to provide.  Resp't Ex. at 14-15.

Petitioner's trial counsel facilitated that meeting, but no plea deal was reached.  Although the

District Attorney's Office offered Petitioner a sentence of 82 months in exchange for his

testimony, Petitioner rejected that offer and countered by suggesting the possibility of probation.

Trial Tr. at 184-87.  The District Attorney's Office ultimately rejected offering Petitioner a better

plea deal because of the extent of his underlying criminal conduct, his lack of credibility, and the

fact that his information was not deemed helpful.  Resp't Ex. 143 at 14-16.  The PCR court

determined that trial counsel's representation was not inadequate because the failure to obtain a

better deal was a result of the District Attorney's Office discretion to evaluate whether Petitioner

had valuable information to provide before offering a plea deal.  *Id.*  There is no evidence in the

PAGE 5 - OPINION AND ORDER

state court record that the PCR court's factual findings were objectively unreasonable, or even erroneous.

Although the PCR court's discussion of Petitioner's ineffective assistance of trial counsel claim is brief, the Ninth Circuit has recognized that "state courts are not required to address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all of the evidence before them.'" *Taylor*, 366 F.3d at 1001 (*quoting Miller-El*, 537 U.S. at 347). Petitioner raised numerous claims of error before the PCR court, and filed more than 260 pages of briefing in support of those claims. Petitioner fails to point to any highly probative evidence in the state court record overlooked by the PCR court. Accordingly, the PCR court's factual findings are properly presumed to be correct, and "may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error." *Taylor,* 366 F.3d at 1000-01.

After careful review of the Petitioner's proposed Exhibits 2 through 14, this court concludes that the exhibits do not provide clear and convincing proof that the PCR court's factual findings were erroneous. Much of the information contained in these proposed exhibits is duplicative or cumulative of evidence already in the state court record. Petitioner acknowledges that portions of Exhibits 11 through 14 were included in the state court record, and also acknowledges that his correspondence with the Oregon Department of Corrections "merely provide[s] a more complete history" to support Petitioner's allegations regarding prejudice. Pet. Reply at 10-11; Resp't Ex. 134 at 287. The record also indicates that the PCR court considered the many letters Petitioner wrote to DDA Callahan offering to testify against several fellow inmates. *See* Resp't Ex. 143 at 14 (PCR court finding that Petitioner "contacted various deputy

PAGE 6 - OPINION AND ORDER

district attorneys in an attempt to provide evidence concerning three defendants who were in

jail"); Resp't Ex. 134 at 225 (Hearing transcript discussing Petitioner's letters to DDA Callahan);

Pet. Objections at 8 (letters were provided to PCR trial court Judge Rhodes, and it is "reasonable

to presume that these exhibits . . . were provided in response to the PCR trial court judge's order

in 2002"); Resp't Ex. 134 at 328 (Aff. of Trial Counsel Bruce Johnson describing Petitioner's

letter to DDA Callahan offering to provide information about fellow inmates).  Petitioner's letters

were discussed at length during the course of the hearing on his motion to dismiss for

prosecutorial misconduct.  *See, e.g.*, Trial Tr. 152-53 (DDA Callahan discussing letters,

estimating that he received ten to fifteen unsolicited letters from Petitioner).

The information contained in Petitioner's proposed Exhibits 3, 9, and 10 was also part of

the state court record.  None of this evidence provides clear and convincing evidence that the

PCR court erred in concluding that the District Attorney's Office lacked interest in striking a deal

with petitioner.  Resp't Ex. 143 at 14-16.

In fact, portions of the proposed exhibits support the PCR court's findings.  Petitioner's

proposed Exhibits 4 through 8 demonstrate that he knew there was no plea offer, and that the

district attorney was not interested in his testimony.  *See e.g.*, Pet. Ex. 4 ("If you do want my

help please do it by a contact visit so all is cool—if I don't hear from you by the 20th of this

month I'll figure you don't need me"); Pet. Ex. 6 ("My attorney told me you weren't interested in

my testimony . . . ."); Pet. Ex. 8 ("True, there was no promises made to me, but I'm in a jam").

The letters also support the finding that Petitioner's credibility was diminished by his

offers to provide information about so many fellow inmates.  *See* Pet. Ex. 4-8 (offering to

provide information about Matt Thompson, Fred Knight, Kevin Washington, Terry Brydler,

PAGE 7 - OPINION AND ORDER

Brian Miller, Mike O'Brien, Ernie Stahlman, Mr. Walkingeagle, Gregg Scott, Terry

McClanahan, Carl Buelin, Dennis Waters, and Jeffrey Sanders). As one deputy district attorney

testified, Petitioner's value was diminished because he was offering himself as an informant

regarding "anybody under the sun." Trial Tr. at 96-97, 102-05. While Petitioner's proposed

exhibits provide some support for the conclusion that the District Attorney's Office was once

interested in Petitioner's cooperation, the exhibits do not provide clear and convincing evidence

that Petitioner provided the District Attorney's Office with any valuable information, or that

Petitioner's numerous allegations were credible, or that the District Attorney's Office ultimately

intended to call him to testify in any case. Accordingly, the state court's denial of Petitioner's

ineffective assistance of trial counsel claim was not based upon an unreasonable determination

of the facts under 28 U.S.C. § 2254(d)(2).

Petitioner also objects to Magistrate Judge Stewart's finding that the PCR court's decision

denying his ineffective assistance of trial counsel claim is neither contrary to, nor an

unreasonable application of, clearly established law under 28 U.S.C. § 2254(d)(1). Petitioner

objects, arguing that the PCR court failed to consider the extent of his communications with the

District Attorney's Office. This argument is rejected.

This is not a case in which the state court failed to provide a reasoned basis for its

decision. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (state court decision is

objectively unreasonable, and independent review of the record required, where the state court

failed to directly address a claim or provide a reasoned decision). Magistrate Judge Stewart

correctly concluded that the PCR court squarely addressed Petitioner's claim of ineffective

assistance of trial counsel. As noted, the PCR court considered Petitioner's numerous attempts to

PAGE 8 - OPINION AND ORDER

provide DDA Callahan with information.  The PCR acknowledged that while the State's

representatives were once interested in considering the nature of Petitioner's allegations, they

were not willing to commit to a deal until they met with Petitioner and assessed his credibility

and the information.  Resp't Ex. 143 at 14-16.  As noted as well, the PCR court concluded that

trial counsel was not ineffective for facilitating this proffer session, or for failing to persuade the

District Attorney's Office to exercise its discretion to offer Petitioner a better plea deal.

Petitioner has not demonstrated that this decision is contrary to any Supreme Court

precedent, or that the state court decided a case differently than the Supreme Court on a set of

materially indistinguishable facts.  *Williams*, 529 U.S. at 405-06; *see also Moore v. Calderon*,

108 F.3d 261, 264 (9th Cir. 1997), *abrogated on other grounds by Williams*, 529 U.S. 362 (2000)

(state court decision may not be overturned on habeas review, because of a conflict with Ninth

Circuit-based law, "but rather a writ may issue only when the state court decision is contrary to,

or involved an unreasonable application of, an authoritative decision of the Supreme Court")

(citations omitted).

Nor has he demonstrated that the state court unreasonably refused to extend a legal

principle from Supreme Court precedent to a new context where it should apply.  *Williams*, 529

U.S. at 407.  Accordingly, Magistrate Judge Stewart's conclusion that the PCR court's decision

denying Petitioner's ineffective assistance of trial counsel claim was neither contrary to, nor an

unreasonable application of, clearly established law, was correct.

Finally, Magistrate Judge Stewart properly concluded that Petitioner could not have

prevailed on a due process "shackling claim" and that therefore, appellate counsel had no

obligation to raise it on appeal.  Findings and Recommendation at 16.

PAGE 9 - OPINION AND ORDER

To prevail on a shackling claim, the court must find that a prisoner "was indeed physically restrained in the presence of the jury, that the shackling was seen by the jury, and that the physical restraint was not justified by state interests." *Ghent v. Woodford*, 279 F.3d 1121, 1132 (9th Cir. 2002). To demonstrate a constitutional violation, the prisoner must also demonstrate that he or she suffered actual prejudice as a result of the unjustified shackling. *Id*. at 1133. To demonstrate prejudice, the prisoner must show that the physical restraint in the presence of the jury had a "substantial and injurious effect" on the jury's verdict. *Brecht v. Abramson*, 507 U.S. 619, 637-38 (1993).

Petitioner's shackling claim fails because he cannot demonstrate that any jurors in the underlying criminal case actually saw him in shackles. Although two jurors briefly and inadvertently saw Petitioner being loaded into a police transport vehicle outside the courthouse, both jurors testified unequivocally that they did not see Petitioner in any physical restraints. *See Rhoden v. Rowlans*, 172 F.3d 633, 636 (9th Cir. 1999) ("When the defendant's shackling was not actually seen by the jury during the trial, we have held the shackling was harmless error") (citing *Castillo v. Stainer*, 997 F.2d 669 (9th Cir. 1993)).

Moreover, Petitioner makes no effort to demonstrate that a custodial escort of a criminal defendant who is charged with numerous violent felonies outside of the courthouse is "not justified by state interests." *Ghent*, 279 at 1132.

Petitioner has failed to demonstrate that the glimpse shared by two jurors of Petitioner in custody outside the courthouse had a substantial and injurious effect on the jury's verdict. Both jurors testified that they did not discuss their brief observation of Petitioner with any other juror,

PAGE 10 - OPINION AND ORDER

and that it did not impact their deliberations.  Accidental, out-of-court glimpses of a defendant in

custody are not inherently prejudicial.  *See Ghent*, 279 F.3d at 1133 (Jurors' occasional, brief

glimpses of the defendant in the hallway and entrance to courtroom was not prejudicial); *United

States v. Olano*, 62 F.3d 1180, 1190 (9th Cir. 1995) (jurors' brief or inadvertent glimpse of a

shackled defendant is not inherently or presumptively prejudicial); *Castillo*, 983 F.2d at 147-48

(no prejudice when, during transport to or from courtroom, some members of jury pool saw a

defendant in shackles in court corridor); *United States v. Halliburton*, 870 F.2d 557, 560-62 (9th

Cir. 1989) (jurors' inadvertent observation of a defendant in handcuffs in corridor not

prejudicial).  Accordingly, Petitioner could not have prevailed on a shackling claim, and

Petitioner's counsel was not ineffective in failing to raise that claim on appeal.  *See Baumann v.

United States*, 692 F.2d 565, 572 (9th Cir. 1982) (it is not ineffective assistance of counsel to fail

to raise a meritless claim).

For these reasons, I ADOPT Magistrate Judge Stewart's Findings and Recommendation

[46] and DENY the Petition for Writ of Habeas Corpus [2].  I DECLINE to issue a Certificate of

Appealability on the basis that Petitioner has not made a substantial showing of a constitutional

right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __21__ day of June, 2010.


_____/s/ Ancer L. Haggerty_____
Ancer Haggerty
United States District Judge


PAGE 11 - OPINION AND ORDER